U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SEP 11  9 05 AM '03

CLERK

BY _____
DEPUTY CLERK

THOMAS MASSEY, KAYCE )
LEE MASSEY, and RAVE )
ENTERPRISES, INC. D/B/A )
THE RAVE, )
    *Plaintiffs,* )
 )
    v. )
 )                    **CIVIL ACTION COMPLAINT**
 )
PETER DESLAURIERS, )
CITY OF ST. ALBANS, )
JOSHUA B. TATE, )               DOCKET NO.: 2:03-cv-253
ROLAND WEBB, )
CLIFFORD PATTERSON, )
JASON STODDARD, and )
ST. ALBANS CITY )
POLICE DEPARTMENT, )
    *Defendants.* )

### Allegations Common to All Counts

1. Plaintiff, Tomas Massey, is a Canadian National, a legal resident of the United
   States of America and a resident of the City of St. Albans, State of Vermont.

2. Defendants Peter Deslauriers, at all relevant times, was Mayor of the City of St.
   Albans, an agent of the City of St. Albans, and a resident of the State of Vermont.

3. Joshua B. Tate, Roland Webb and Clifford Patterson are, and at all relevant times
   were, police officers, employees and agents of the St. Albans City Police
   Department. Said defendants are additionally residents of the State of Vermont.

4. The City of St. Albans (hereinafter referred to as the "City") is a municipal
   corporation and governmental subdivision of the State of Vermont.

5. This action arises under the United States Constitution, particularly under the
   provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of

Olson & Associates

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 · 253 · 7810

the United States (U.S. Const. Amend. IV, VI, XIV), and under federal law, particularly Title 42 of the United States Code, Section 1983 (42 U.S.C.A. § 1983).

6. This court has jurisdiction of this cause under Title 28 of the United States Code, Section 1343 (28 U.S.C.A. §1343).

7. The acts alleged in this complaint to have been done by defendants, were done by them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, usages and authority of the City of St. Albans, State of Vermont, and under the defendants' authority as mayor/chair of the liquor control board and police officers, respectively, for that City of St. Albans. In addition, the actions alleged herein were taken as part of an ongoing and accepted practice, policy, or procedure allowed or adopted by the defendants, which deprived plaintiffs of their constitutional rights.

### Count 1 – Unlawful Arrest

8. Paragraphs 1 through 7 are hereby realleged and restated as though more fully set forth herein.

9. On January 11, 2003, at approximately 2:19 a.m., plaintiff Thomas Massey lawfully defended himself against an attack perpetrated by Nicholas Chates, which attack was witnessed by several witnesses who indicated to St. Albans City Police officers who arriving on the scene that Mr. Chates initiated the attack.

10. At this time and place, defendant Joshua B. Tate (hereinafter "Tate") was then, as part of his regular and official employment as police officer of the City of St. Albans, operating a marked police vehicle owned and maintained by the City for the use and benefit of its police department.

11. At this time and place defendant Tate, without a warrant or probable cause, cited plaintiff Thomas Massey for simple assault.

12. The Simple Assault charge was not preferred against plaintiff Thomas Massey, although he was arraigned on a Disorderly Conduct charge arising out of the same facts.

13. Defendant Tate knew, when he issued plaintiff a citation for simple assault, that plaintiff's actions were taken in self-defense and that a simple assault charge was not warranted.

14. The perpetrator, Nicholas Chates, fled the scene and was apprehended by Officer Tate, but Mr. Chates was not charged with assault upon plaintiff Massey or any other crime.

15. Defendant Tate cited plaintiff Thomas Massey with Simple Assault for the purpose of harassing plaintiff, causing plaintiff inconvenience, maligning plaintiff's reputation, prejudicing plaintiff's liquor license renewal, and requiring plaintiff to retain legal counsel to defend against the baseless assault citation and disorderly conduct charge.

16. Plaintiff Thomas Massey incurred reasonable attorney's fees in the amount of $5,000.00 in order to obtain a dismissal of the baseless disorderly conduct charge arising out of the illegal assault citation.

17. Defendant Tate's illegal citation of plaintiff Thomas Massey for simple assault has caused plaintiff Thomas Massey damages including, but not limited to, violation of plaintiff's constitutional rights as guaranteed by the United States Constitution, economic damages and emotional distress.

## Count 2 - Equal Protection

18. Paragraphs 1 through 17 of the Complaint are hereby realleged and restated as though more fully set forth herein.

19. Plaintiff is the owner and operator of "The Rave," a sports bar located on Kingman Street in St. Albans City, County of Franklin, State of Vermont.

20. On January 8, 2003, the City of St. Albans brought charges against plaintiff Thomas Massey for allegedly knowingly allowing nudity at the Rave sports bar.

21. The City alleged, in its information, that the Rave hosted a "wet tee-shirt" contest.

22. The City did not allege that the contest was illegal *per se* or that any violation of the law resulted from contestants wearing wet tee-shirts or otherwise properly participating in the contest.

23. The City's single allegation against plaintiff was that plaintiff violated City of St. Albans Ordinances, Chapter 5, Section 3603(d), Public Indecency (hereinafter referred to as the "Ordinance"), by *knowingly* allowing contestants in the wet tee-shirt contest to knowingly and intentionally engage in partial nudity, be photographed, and ignore all requests to cease and desist. Information By City Attorney, dated January 8, 2003.

24. Todd Maynard provided the St. Albans police with alleged photographs of contestants in the wet tee-shirt contest, which photographs had been posted in the bar adjacent to the Rave.

25. Sergeant Webb was dispatched to investigate the case on November 11, 2002 at the express direction of Clifford Patterson, Chief of Police for St. Albans City.

Olson & Associates

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 - 253 - 7810

4

26. Upon information, the City did not investigate Mr. Maynard's involvement in the incident.

27. Upon information, at all times relevant hereto the City's mayor is and has been Peter Deslauriers's.

28. Upon information and belief, Mayor Deslauriers's daughter, Katie Deslauriers, is, or was at all times relevant hereto, engaged in a romantic relationship with the owner or manager of the sports bar adjacent to the Rave.

29. Upon information and belief, the City's aggressive, arbitrary and capricious enforcement of the Ordinance against plaintiff was due, in part, to Mayor Deslauriers's influence and desire to harm plaintiff's business and reputation so that the bar adjacent to the Edge could gain a competitive advantage.

30. No charges were ever brought against the bar adjacent to the Rave, or its principals, for posting nude photographs in public view.

31. A City police officer, Sergeant Roland Webb, interviewed at least two women who admitted to exposing themselves at the Rave, but Sergeant Webb did not issue any of those women a citation for public indecency.

32. Upon information, when plaintiff Thomas Massey was cited for public indecency, no other establishment or individual had been cited for public indecency for allowing another person to expose him or herself, although other bars regularly allowed such activities.

33. Plaintiff Thomas Massey works the door at the Rave and plaintiff's employees manage operation of the bar.

**Olson & Associates**

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 · 253 · 7810

5

34. Defendants knew, when they proffered the public indecency charge against
    plaintiff, that employees of the Rave, agents of plaintiff had attempted to prevent
    nudity during the wet tee-shirt contest. Affidavit of Sergeant Webb at 2.

35. Defendant Sergeant Webb acknowledged in his official affidavit that, "some
    attempt was made to stop contestants from exposing themselves," and Sergeant
    Webb did not allege that plaintiff Thomas Massey knowingly allowed the nudity at
    the time of the alleged offense.

36. Despite lacking probable cause or sufficient evidence to charge or prosecute
    plaintiff Thomas Massey for public indecency, defendants caused plaintiff to be
    charged with public indecency, which charge was characterized by defendants as a
    sex crime.

37. The St. Albans Liquor Control Board refused to renew plaintiffs' liquor license
    because of the charges brought against plaintiff Thomas Massey, although that
    decision was reversed and the board then indicated it would consider whether or
    not to rescind Plaintiffs' liquor license once the charges against him were resolved.

38. By reason of the illegal citation of plaintiff Thomas Massey, and the threat to his
    liquor license, plaintiff Thomas Massey was required to secure counsel to defend
    him against the public indecency charge.  The charge was dismissed, due to an
    absence of any evidence that plaintiff knowingly allowed nudity at the Rave.

39. Plaintiff incurred reasonable attorneys fees in the sum of $2,996.68 in connection
    with obtaining a dismissal of the public indecency charge.

40. Defendants' prosecution of plaintiff was done with malice, and Defendants' actions were intended to harass plaintiff, to cause plaintiff to lose business, to damage plaintiff's reputation, and violated plaintiff's right to equal protection of the law.

41. Defendants willful and malicious violation of plaintiff's right to equal protection of the law caused plaintiff to suffer emotional distress, economic damages and, because done with malice, warrants punitive damages.

### Count 3 – Harassment

42. Paragraphs 1 through 41 are hereby restated and realleged as though more fully set forth herein.

43. Defendants caused plaintiff Thomas Massey to be served with a citation for public indecency on Christmas Eve, despite lacking sufficient evidence to support the charge.

44. Defendant Jason Stoddard and other City Police have repeatedly entered, and continue to enter, plaintiffs' business premises, wearing St. Albans City Police uniforms, unannounced and frequently throughout the week, claiming to be inspecting the premises.

45. Defendants do not inspect other bars with the same frequency, or in such an intimidating manner, as plaintiffs' bar.

46. Defendants' actions as alleged herein constitute harassment of plaintiff, in violation of plaintiff's constitutional and civil rights and in violation of 42 U.S.C.A. § 1983.

### Count 4 – Unlawful Arrest

47. Paragraphs 1 through 46 are hereby restated and realleged as though more fully set forth herein.

48. Defendants' citation of plaintiff Thomas Massey for public indecency constitutes unlawful arrest, aggravated by the manner in which plaintiff Thomas Massey was served.

49. Such unlawful arrest and harassing service upon plaintiff Thomas Massey violated his civil rights as protected by 42 U.S.C.A. § 1983.

50. Plaintiff Thomas Massey suffered damages caused by such unlawful arrest as further alleged herein.

## Count 5 – Conspiracy to Harass and Violation of Civil Rights

51. Paragraphs 1 through 50 are hereby restated and realleged as though more fully set forth herein.

52. At all times relevant hereto, the St. Albans City Police, through its agents and employees, along with defendant Mayor Peter Deslauriers, engaged in a conspiracy to harass, intimidate and malign plaintiff Thomas Massey, and to destroy plaintiffs' reputation and business enterprise.

53. As part of such conspiracy, defendant Mayor Peter Deslauriers caused the fire martial to repeatedly inspect plaintiffs' business premises and order substantial repairs.

54. No other businesses in St. Albans were, during the relevant timeframes, subjected to the number and frequency of fire martial inspections as plaintiffs.

55. No other businesses in St. Albans were, during the relevant timeframes, required to make the types of repairs plaintiffs were required to make, including, but not limited to, extensive and expensive electrical repairs.

Olson & Associates

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 - 253 - 7810

8

56. Plaintiff Kacy Massey has been subjected to recurring police detention, outside of plaintiffs' business premises and proximate to their home, without cause, which has intimidated plaintiffs and caused damage to their business and reputation.

57. Plaintiffs Thomas Massey and Rave Enterprises, Inc. d/b/a The Rave have been subjected to adverse treatment by the City Liquor Control Board, at the direction of its chair defendant Mayor Peter Deslauriers, acting under color of State law, which Board refused to reinstate plaintiffs' liquor license, sent plaintiffs a notice of such refusal, then reversed itself because not all members would agree to sign off on such adverse and unconstitutional treatment of plaintiffs.

58. After a break-in at one of plaintiff Thomas Massey's businesses, he called the City Police and they failed or refused to respond, claiming later that they forgot.

59. Defendant Jason Stoddard and other City Police have maligned and slandered plaintiffs by falsely stating to third parties that plaintiffs sell drugs at The Rave's business premises.

60. The disparate treatment and harassment of plaintiffs alleged herein constitute violations of 42 U.S.C.A. §1983.

61. Defendants' involvement of numerous persons in the common plan or scheme to harm plaintiffs and their business constitutes civil conspiracy.

62. Defendants' conduct as alleged herein has caused plaintiffs to miss work time, has reduced the number of customers at plaintiffs business, and has caused plaintiff to sell a profitable business to avoid further harassment.

**Olson & Associates**

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 - 253 - 7810

9

63. Defendants' illegal conduct has directly and proximately caused plaintiffs to suffer damages to their constitutional rights, economic damages, including but not limited to damage to reputation resulting in lost earnings, and emotional distress.

64. The acts, conduct, and behavior of defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiffs are entitled to an award of punitive damages in such amount in excess of the jurisdictional minimum of this court as will sufficiently punish defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

### Count 6 – Negligence and Negligent Supervision

65. Defendants, or some of them, owed a duty to plaintiffs to treat plaintiffs in a reasonably prudent manner.  The entity defendants owed a duty to plaintiffs to supervise the entities' employees and agents in a reasonably prudent and careful manner, and to protect plaintiffs from harassment by the defendant entities' employees and agents.

66. Defendants, and each of them, breached their duties to plaintiffs.

67. Defendants' breach directly and proximately caused plaintiffs financial and emotional damages as more fully set forth above.

WHEREFORE, plaintiffs request judgment against defendants, and each of them, jointly, singly and severally, for the following:

1.  General compensatory damages in the amount of $1,000,000.00;

2.  Punitive damages in the amount of $3,000,000.00;

3.  Special damages for lost wages and income, according to proof;

Olson & Associates

P.O. Box 1019
188 South Main St.
Stowe, Vermont 05672

802 - 253 - 7810

4.      Interest as provided by law;

5.      Costs of suit, including attorney's fees as provided by statute; and

6.      Such other and further relief as the Court deems reasonable and just.


                              Respectfully submitted,
                              REBECCA G. OLSON & SSOCIATES,
                              Attorneys for Plaintiffs THOMAS MASSEY,
                              KAYCE LEE MASSEY, AND RAVE
                              ENTERPRISES, INC. D/B/A THE RAVE,


        By:


                              Brice C. Simon, Esq.
                              Rebecca G. Olson & Associates
                              P.O. Box 1019
                              Stowe, VT  05672
                              Phone:  (802) 253-7810